UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES JONES,

    Plaintiff,

v.      Case No. 04-3146

DR. MESROBIAN et.a l,

    Defendants.

## Order

IT IS ORDERED:

1)     Dr. Tulyasathien's motion for oral argument on the summary judgment motion is denied (d/e 122). In the court's experience, relying on the written record is a more efficient and accurate approach to resolving summary judgment motions. A hearing may be scheduled if the court has questions.

2)     The plaintiff's motion to add an exhibit to his response to summary judgment is granted (d/e 119).

3)     The plaintiff's motion to subpoena additional medical records is denied as moot (d/e 113). He says in his motion #119 that he has obtained those records.

4)     The plaintiff's motion to extend discovery is denied (d/e 77). In December, 2004, the court set a deadline for discovery of August 31, 2005. The plaintiff did not file to extend that discovery until late August, though the correspondence attached to this motion shows that the purported insufficient discovery responses were received in April, 2005. In short, the plaintiff has had ample time for discovery and has not explained his delay in seeking an extension, nor explained in sufficient detail the information he seeks that he could not have gotten earlier.

5)     The plaintiff's motion to add a new defendant (Eubanks) is denied (d/e 74). The plaintiff's motion was not filed until July, 2005, near the end of discovery. Allowing it would unnecessarily and unduly prolong the case, and would work undue prejudice to the defendants. In any event, defendant Sternes may still be held responsible if he authorized Eubanks to sign Sternes' name to the grievance.

6)     The plaintiff's motion to compel is granted in part and denied in part (d/e 78). The motion is granted only to the extent the plaintiff seeks answers from defendant Elyea regarding his responsibilities and duties (questions 39 and 42). The court does not find the questions to be too vague to answer. Defendant Elyea can answer generally to what his duties and responsibilities are and can qualify his answer by defining what he understands "advise" and "monitor" to mean. Defendant Elyea is directed to provide these answers within 14 days of the date below. The motion to compel is denied as moot as to defendants' Feinerman, HPL and Mesrobian, as they are out of the case. The motion to compel is denied as to the remainings defendants (other than as directed above) as it is apparent these defendants have answered the questions put to them (though the plaintiff does not believe or agree with those answers). Additionally, the court agrees with the defendants that awards against them in other civil cases is irrelevant to whether they violated the plaintiff's constitutional rights.

Entered this 25th Day of January, 2006.

                                            **s\Harold A. Baker**

                                            HAROLD A. BAKER
                              UNITED STATES DISTRICT JUDGE